IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JAN 28 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| SOUTHWEST RECREATIONAL INDUSTRIES, INC. | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. _____ |
| vs. | § § | **A03CA -41SS** |
| OMNOVA SOLUTIONS, INC. | § § | JURY TRIAL REQUESTED |
| *Defendant.* | § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant OMNOVA Solutions, Inc. ("OMNOVA") files this Notice of Removal and in support thereof would show the following:

1.  OMNOVA is the defendant in a civil action brought on December 19, 2002, in Cause No. 02-753-C26, *Southwest Recreational Industries, Inc. v. Omnova Solutions, Inc.*, in the 26th Judicial District Court, Williamson County, Texas. A copy of the citation and Plaintiff's Original Petition and Request for Disclosure in that action are attached and constitute all process, pleading, and orders served in the case. In 2001 and 2002, Plaintiff, Southwest Recreational Industries, Inc. ("Southwest Recreational"), purchased latex products from OMNOVA for building outdoor running tracks. Southwest Recreational alleges that it used the OMNOVA latex products to build a number of latex running tracks for public and private schools in Texas and other states in the south and

/

southwest, and that the latex products were defective and unsuitable for their intended purpose.

2. This Notice of Removal is timely under 28 U.S.C. § 1446, as the defendant is filing the notice within thirty (30) days of the service on the defendant of a copy of the pleading that sets forth the plaintiff's claims. On December 30, 2002, the citation and petition in this action were served on OMNOVA through its registered agent C.T. System, 350 N. St. Paul Street, Dallas, Texas 75201.

3. This Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), and this case may be removed to this Court based on diversity of citizenship between the parties, in that the defendant is now, and was at the time the action was commenced, diverse in citizenship from every plaintiff. The defendant is not, and was not at the time the lawsuit was filed, a citizen of the State of Texas. Defendant OMNOVA, is a corporation incorporated under the laws of the State of Ohio, having its principal place of business now and at the time this action was commenced at 175 Ghent Road, Fairlawn, Ohio 44333. GenCorp is now and was at the time this action was commenced a citizen of the State of Ohio and of no other state. Plaintiff, Southwest Recreational, is now, and was at the time this lawsuit was filed, a citizen of the State of Texas. Southwest Recreational is a corporation incorporated under the laws of the State of Texas, having its principal place of business at 701 Leander Drive, Leander, Texas 78641.

4. The amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000. If the plaintiffs should prevail on the claims against OMNOVA as alleged in Plaintiff's Original Petition, the plaintiffs would be entitled to damages in excess of $75,000.

5.   Pursuant to 28 U.S.C. § 1446(d), the defendant will promptly provide the plaintiff with written notice of filing and will promptly file a copy of this notice with the 26th Judicial District Court, Williamson County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant OMNOVA Solutions, Inc., respectfully requests that the Court place this case on the docket of the United States District Court of the Western District of Texas, Austin Division.

Respectfully Submitted

*[signature]*

David K. Anderson
SBT No. 01174100
ANDERSON & CUNNINGHAM, P.C.
270 First City Tower
1001 Fannin Street
Houston, Texas 77002-6712
Telephone: 713/655-8400
FAX: 713/650-8745
Attorney-In-Charge for Defendant

OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.
270 First City Tower
1001 Fannin Street
Houston, Texas 77002-6712
Telephone: 713/655-8400
FAX: 713/650-8745

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2003, a true and correct copy of the foregoing instrument was forwarded to all counsel of record by first class mail as follows:

Anderson M. Simmons
Southwest Recreational Industries, Inc.
701 Leander Drive
Leander, Texas 78641
Telephone: (512) 259-0080
FAX: (512) 259-4221

David K. Anderson

CAUSE NO. 02-753-C26

| | | |
|---|---|---|
| SOUTHWEST RECREATIONAL INDUSTRIES, INC. | ) ) ) | IN THE DISTRICT COURT OF |
| Plaintiff, | ) ) | WILLIAMSON COUNTY, TEXAS |
| v. | ) ) | |
| OMNOVA SOLUTIONS, INC. | ) ) | 26th JUDICIAL DISTRICT |
| Defendant | ) | |

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Southwest Recreational Industries, Inc., Plaintiff, and files this its Original Petition complaining of Omnova Solutions, Inc., Defendant, and serves herewith its Request for Disclosure to Defendant, and would show the Court as follows:

I.

DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Level 3 of the TEXAS RULES OF CIVIL PROCEDURE 190.

II.

REQUEST FOR DISCLOSURE

2. Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant Omnova Solutions, Inc., is requested to disclose, within 50 days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE Rule 194.2(a) through (i).

FILED
at _____ o'clock _____ M
DEC 19 2002
Bonnie D Wallwork
District Clerk, Williamson Co., TX,

Plaintiff's Original Petition - 1

---

obtained from chemical manufacturers and shredded rubber obtained from recyclers of automobile tires. The recycled rubber provides the running surface and the latex product is used to bind the rubber together and adhere it to the underlying pavement or asphalt.

## III.

## PARTIES/VENUE/JURISDICTION.

3. Plaintiff Southwest Recreational Industries, Inc., (hereafter referred to as "Southwest") is a corporation incorporated under the laws of the State of Texas having its principal place of business in the State of Texas, and residing in Williamson County, Texas.

4. Defendant Omnova Solutions, Inc., (hereafter referred to as "Omnova") is a foreign corporation organized in the State of Ohio. Defendant may be served with process through its registered agent, CT Corp., 350 N. St. Paul, Texas 75201.

5. Venue is proper in Williamson County, Texas. Specifically, venue is proper in Williamson County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, pursuant to TEX.CIV.PRAC.& REM. CODE sec. 15.002(a)(1).

6. The court has jurisdiction over Defendant because Defendant has engaged in acts constituting doing business in the State of Texas, pursuant to TEX.CIV.PRAC. & REM. CODE sec. 17.042

## IV.

## FACTS

7. Southwest is in the business of manufacturing and constructing athletic playing surfaces including, among other products, outdoor running tracks. The outdoor running tracks are sold to customers including public and private schools.

8. Southwest's product line includes outdoor running tracks constructed from a latex product obtained from chemical manufacturers and shredded rubber obtained from recyclers of automobile tires. The recycled rubber provides the running surface and the latex product is used to bind the rubber together and adhere it to the underlying pavement or asphalt.

9. Omnova is a manufacturer of chemical products, including the type of latex products used in the outdoor running track industry to build latex running tracks.

10. In the years 2001 and 2002, Southwest purchased large quantities of latex product from Omnova, with such latex known under its trade name of GenCal 7463.

11. In the years 2001 and 2002, Southwest used the GenCal 7463 it purchased from Omnova to build a number of latex running tracks for public and private schools in Texas and other states in the south and southwest.

12. Outdoor latex running tracks built by Southwest during this period using the GenCal 7463 latex product are under a materials and workmanship warranty provided by Southwest to the schools who purchased the tracks from Southwest.

13. Omnova knew that Southwest was purchasing the GenCal 7463 product for the purpose of installing outdoor latex running tracks, and knew that Southwest provided a warranty to its track customers that its tracks would be free of defects in the materials.

14. Omnova expressly recommended the GenCal 7463 to Southwest for its outdoor latex running track installations in the south and southwestern states, and Southwest relied upon these recommendations.

15. Southwest purchased the GenCal 7463 from Omnova through written purchase orders containing express warranties in which Omnova warranted the GenCal 7463 latex product would be of merchantable quality, good workmanship, free of defect, and fit and sufficient for the particular purposes of Southwest.

16. The GenCal 7463 latex product sold to Southwest by Omnova is defective and unsuitable for the purpose of outdoor running tracks. Defects in the design, manufacture and marketing of the

GenCal 7463 latex product caused the latex tracks built by Southwest to experience rapid and premature deterioration, resulting in ongoing warranty and repair costs to Southwest.

17. Defects in the GenCal 7463 latex product also required the application of extra amounts of latex, resulting in additional material and labor costs.

18. Southwest did not know and had no reason to know of the defects in the GenCal 7463 product until after the subject tracks were installed.

19. Southwest provided timely and seasonable notice to Omnova of the existence of a defective condition in the GenCal 7463 latex, and gave Omnova a reasonable opportunity to cure the defects.

20. The defects in the GenCal 7463 latex product have caused Southwest to incur damages in repairing the outdoor latex running tracks.

21. Southwest will continue to incur damages through its obligations to repair and/or replace the outdoor latex running tracks that are experiencing rapid and premature deterioration due to the defective GenCal 7463 latex.

V.

CAUSES OF ACTION

22. Count One – Breach of Express Warranty of Merchantability. As set forth in Paragraphs Nos. 7 through 21, incorporated herein by reference, Omnova gave Southwest an express warranty of merchantability in its sale of GenCal 7463 to Southwest, pursuant to TEX. BUS. & COM. CODE § 2.313 Omnova breached that warranty by selling Southwest a defective latex product. Omnova's breach of warranty is the producing cause of the damages Southwest has incurred through its use of the defective latex.

23. <u>Count Two – Breach of Express Warranty of Fitness for A Particular Purpose.</u> As set forth in Paragraphs Nos. 7 through 21, incorporated herein by reference, Omnova gave Southwest an express warranty of fitness for a particular purpose in its sale of GenCal 7463 to Southwest, pursuant to TEX. BUS. & COM. CODE § 2.313. Omnova breached that warranty by selling Southwest a defective latex product. Omnova's breach of warranty is the producing cause of the damages Southwest has incurred through its use of the defective latex.

24. <u>Count Three- Breach of Implied Warranty of Merchantability.</u> As set forth in Paragraphs Nos. 7 through 21, incorporated herein by reference, Omnova gave Southwest an implied warranty of merchantability in its sale of GenCal 7463 to Southwest, pursuant to TEX. BUS. & COM. CODE § 2.314. Omnova breached that warranty by selling Southwest a defective latex product. Omnova's breach of warranty is the producing cause of the damages Southwest has incurred through its use of the defective latex.

25. <u>Count Four – Breach of Implied Warranty of Fitness for A Particular Purpose.</u> As set forth in Paragraphs Nos. 7 through 21, incorporated herein by reference, Omnova gave Southwest an implied warranty of fitness for a particular purpose in its sale of GenCal 7463 to Southwest, pursuant to TEX. BUS. & COM. CODE § 2.315. Omnova breached that warranty by selling Southwest a defective latex product. Omnova's breach of warranty is the producing cause of the damages Southwest has incurred through its use of the defective latex.

26. <u>Count Five – Statutory Indemnity.</u> Omnova is obligated to defend and indemnify Southwest in any products liability actions, including but not limited to warranty claims against Southwest, arising or resulting from the defective GenCal 7643 latex product, pursuant to TEX.CIV.PRAC.& REM. CODE § 82.002.

27 <u>Count Six – Strict Liability</u>. Omnova is in the business of selling and distributing latex products, including GenCal 7643, and is therefore strictly liable for harm to property caused by defects in its products. This strict liability includes harm caused by the integration of the defective GenCal 7643 as a component of the track products sold by Southwest. As set forth in Paragraphs 7 through 21, the GenCal 7643 latex was defective in its design, manufacturing and marketing and such defects caused harm to certain property, consisting of the outdoor running track products constructed and sold by Southwest using the GenCal 7643 latex. The harm to this property has in turn caused Southwest to incur warranty liability to the purchasers of these certain tracks, thereby causing damage to Southwest. The defects in the 7643 latex are a producing cause of these damages to Southwest.

28. <u>Count Seven- Negligence</u>. As a manufacturer and seller, Omnova owed to Southwest a duty of reasonable care in the design, manufacture, testing, labeling and distribution of its products. Omnova breached that duty of care by selling Southwest the defective GenCal 7643 latex. The breach of this duty of care by Omnova has caused damage to the outdoor running tracks constructed and sold by Southwest, thereby causing damages to Southwest in the form warranty liability to its customers. This breach of the duty of care by Omnova is a proximate cause of the damages incurred by Southwest.

29. <u>Count Eight – Misrepresentation</u>. Omnova is engaged in the business of selling latex products to consumers of latex, such as Southwest. Omnova made fraudulent misrepresentations of material fact to Southwest, including but not limited to misrepresentations that its GenCal 7643 latex product was comparable to its other latex products and was ideal for use in outdoor running track applications. Southwest justifiably relied upon these misrepresentations to its detriment, causing damages to Southwest.

Plaintiff's Original Petition – 6

VI.

DAMAGES

30. Southwest has incurred damages for the cost of additional latex and labor required to complete projects due to the defects in the GenCal 7643 latex.

31. Southwest has incurred damages for the cost of additional latex, rubber and labor to repair conditions caused by the defective GenCal 7643 latex.

32. Southwest will incur additional and ongoing damages to repair or replace tracks that continue to deteriorate due to defects in the GenCal 7643 latex.

33. Southwest has incurred and will continue to incur damages arising out of lost prospective economic opportunities because the defects in the GenCal 7643 product have caused Southwest to commit crews and resources to repairing the subject tracks instead of bidding upon and/or accepting other contracts.

34. Southwest has incurred and will continue to incur damage to its business reputation and goodwill in connection with customer dissatisfaction with the tracks built with the defective GenCal 7643 latex.

35. Southwest is entitled to recover exemplary damages from Omnova. pursuant to TEX.CIV.PRAC.& REM. CODE sec. 41.003(a)(1) because the harm with which Southwest seeks recovery resulted from fraud by Omnova.

WHEREFORE, PREMISES CONSIDERED. Southwest Recreational Industries, Inc., requests all relief, in law and equity, to which plaintiff may be entitled, including its damages, pre-judgment and post-judgment interest, costs and attorneys fees, and for such further relief, specific and general, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted this 19th day of December 2002:

SOUTHWEST RECREATIONAL INDUSTRIES, INC.

By: _____

Anderson M. Simmons
Texas State Bar No. 24002945
Southwest Recreational Industries, Inc.
701 Leander Drive
Leander, TX 78641
(512) 259-0080
(512) 259-4221 fax

Plaintiff's Original Petition - 6

CITATION-BY MAILING

T H E   S T A T E   O F   T E X A S

CAUSE NUMBER 02-753-C26

SOUTHWEST RECREATIONAL INDUSTRIES, INC.
vs.
OMNOVA SOLUTIONS, INC.

TO: OMNOVA SOLUTIONS INC.

BY SERVING REGISTERED AGENT, CT CORP.
350 N. St. Paul

Texas 75201
DEFENDANT in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment for the relief demanded in the petition may be taken against you.

NOTICE: This constitutes service by certified mail as allowed by RULE 106(a)(2) of the TEXAS RULES OF CIVIL PROCEDURE.

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE in the above styled and numbered cause, which was filed on the 19TH day of DECEMBER, 2002 in the 26th Judicial District Court of Williamson County, Georgetown, Texas. This instrument describes the claim against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said County at office, this the 20th day of December, 2002.

ADDRESS OF PLAINTIFF OR
ATTORNEY FOR PLAINTIFF
ANDERSON M. SIMMONS
701 LEANDER DRIVE
LEANDER, TX 78641

BONNIE J. WOLBRUE
WILLIAMSON COUNTY DISTRICT CLERK
P.O. BOX 24, 405 M.L.K.
GEORGETOWN, TEXAS 78627-9004

BY: Deanna Ma...
DEPUTY

OFFICER'S RETURN BY MAILING

Came to hand the 20th day of December, 2002, and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

OMNOVA SOLUTIONS INC.
350 N. St. Paul

Texas 75201

Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by_____

and dated:_____
THIS CITATION WAS NOT EXECUTED FOR THE FOLLOWING REASON:

_____

To certify which witness my hand officially.

Constable/Sheriff/Clerk

FEE FOR SERVING:
$ _____

BY: _____ DEPUTY

White Copy - Court Copy    Yellow Copy - File Copy    Pink Copy - Service Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

JAN 2 8 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| SOUTHWEST RECREATIONAL INDUSTRIES, INC. § § § *Plaintiff,* § § VS. § § OMNOVA SOLUTIONS, INC. § § *Defendant.* § | CIVIL ACTION NO. _____ **A03CA -41SS** JURY TRIAL REQUESTED |

## NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT

TO:   Plaintiff, Southwest Recreational Industries, Inc., by and through its attorney of record, Anderson M. Simmons, Legal Department, Southwest Recreational Industries, Inc., 701 Leander Drive, Leander, Texas 78641.

Please take notice that on January 27, 2003, Defendant, OMNOVA Solutions, Inc., filed its Notice of Removal with the United States Court for the Western District of Texas, Austin, Division. A copy of the notice has been filed with the 26th Judicial District Court, Williamson County, Texas, effecting removal under 28 U.S.C. § 1446. A copy of the Notice of Removal filed with the clerk of the United States District Court and with the clerk of the state court is attached hereto and hereby served upon you.

Respectfully submitted

/s/ David K. Anderson
David K. Anderson
SBT No. 01174100
ANDERSON & CUNNINGHAM, P.C.
270 First City Tower
1001 Fannin Street
Houston, Texas 77002-6712
Telephone: 713/655-8400
FAX: 713/650-8745
Attorney-in-Charge for Defendant

OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.
270 First City Tower
1001 Fannin Street
Houston, Texas 77002-6712
Telephone: 713/655-8400
FAX: 713/650-8745

## CERTIFICATE OF SERVICE

I hereby certify that on the ___27th___ day of January, 2003, a true and correct copy of the foregoing instrument was forwarded to all counsel of record by U.S. Mail, first class postage, as follows:

Anderson M. Simmons
Southwest Recreational Industries, Inc.
701 Leander Drive
Leander, Texas 78641
Telephone: (512) 259-0080
FAX: (512) 259-4221

*/s/ David K. Anderson*
David Anderson

FILED
JAN 2 8 2003
CLERK, U.S. DISTRICT COURT,
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SOUTHWEST RECREATIONAL INDUSTRIES, INC. | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| vs. | § § | **A03 CA -41 SS** |
| OMNOVA SOLUTIONS, INC. | § § | JURY TRIAL REQUESTED |
| Defendant. | § § | |

## CERTIFICATE OF NOTICE OF FILING

The undersigned, attorney of record for defendant, OMNOVA Solutions, Inc., certifies that on January 27, 2003, a copy of the Notice of Removal in this action was filed with the clerk of the 26th Judicial District Court, Williamson County, Texas, and that written notice of filing of the Notice of Removal was mailed to the plaintiff's attorneys of record. Attached to the notices to the state court and the plaintiffs were copies of the Notice of Removal.

Respectfully submitted

_/s/ David K. Anderson_
David K. Anderson
SBT No. 01174100
ANDERSON & CUNNINGHAM, P.C.
270 First City Tower
1001 Fannin Street
Houston, Texas 77002-6712
Telephone: 713/655-8400
FAX: 713/650-8745
Attorney-In-Charge for Defendant

OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.
270 First City Tower
1001 Fannin Street
Houston, Texas 77002-6712
Telephone: 713/655-8400
FAX: 713/650-8745

## CERTIFICATE OF SERVICE

I hereby certify that on the ___27th___ day of January, 2003, a true and correct copy of the foregoing instrument was forwarded to all counsel of record by first-class mail, as follows:

Anderson M. Simmons
Southwest Recreational Industries, Inc.
701 Leander Drive
Leander, Texas 78641
Telephone: (512) 259-0080
FAX: (512) 259-4221

David K. Anderson

- 2 -